IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS M. ROSARIO-MÉNDEZ,

Plaintiff

v.                                          CIVIL 06-1489 (JAG) (JA)

HEWLETT PACKARD CARIBE, et al.,

Defendants

OPINION AND ORDER

Plaintiff Iris M. Rosario-Méndez ("plaintiff") has filed a motion to strike "Defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial and/or Remittitur." (Docket Nos. 143 & 152.) Defendant filed its motion in opposition to plaintiff's motion to strike on March 19, 2009. (Docket No. 157.) For the reasons stated below, the motion is DENIED.

After plaintiff rested her case on January 30, 2009, defendant moved for a judgment as a matter of law pursuant to Rule 50(a)(1). Fed. R. Civ. P. 50(a)(1); (Docket No. 143-6, at 45-67.) This court denied the motion. (Id. at 67:3.) Defendant renewed its motion following its resting of its case; this court again denied the motion. (Docket No. 143-7, at 51-61.) Following the jury verdict defendant motioned for a judgment notwithstanding the verdict; this court denied the motion from the bench. (Docket No. 143-8, at 93-95.) The minutes from the jury trial ("Minutes of Proceeding") were entered by the court clerk on February 9,

CIVIL 06-1489 (JAG) (JA)                    2

2009.  (Docket No. 131.)  The judgment was entered by the clerk on February 10, 2009.  (Docket No. 132.)  Defendant filed a motion for judgment as a matter of law on February 25, 2009.  (Docket No. 143.)

The defendant, in filing his renewed motion for judgment as a matter of law on February 25, 2009, relied upon the entry of the order on February 10, 2009 as the point at which its ten-day window to file post-trial motions began.  Fed. R. Civ. P. 50(d).  This is significant, for if plaintiff is correct in her assertion that the ten-day window began on February 3, 2009 or, alternatively, February 9, 2009, then defendant's filing would be deemed outside the statutorily approved window.

Rule 58 crafts the mechanism for determining when a judgment is entered, and thus when the clock begins to tick for post-judgment motions and appeals. Fed. R. Civ. P. 58.  Rule 58(b) directs the court clerk to, "without awaiting the court's direction, promptly prepare, sign, and enter the judgment when . . . the jury returns a general verdict[.]"  Fed. R. Civ. P. 58(b)(1)(A).  Rule 58 considers a judgment "entered" when "entered in the civil docket under Rule 79(a)[.]"  Fed. R. Civ. P. 58(c)(1); Fed. R. Civ. P. 79(a)-(b); see Mullane v. Chambers, 333 F.3d 322, 336 (1st Cir. 2003).  Plaintiff asserts that this court's denial of defendant's Rule 50(b) motion on February 3, 2009, constitutes a "final order" for the purposes of Rule 58.  (Docket No. 152, at 3.)  Plaintiff premises this argument on the fact that a motion under Rule 50(b) is a post-trial motion, and the effect of

CIVIL 06-1489 (JAG) (JA)                    3

this court's denial of said motion renders any additional motion by defendant as superfluous.  (Id.)  Consequentially, plaintiff avers that Rule 58(a) provision that "separate document[s are] not required for an order disposing of a motion . . . for judgment under Rule 50(b)" to be in effect.  Fed. R. Civ. P. 58(a)(1).

DISCUSSION

Rule 58(a)(1) does not apply because defendant has not filed an appeal premised upon the denial of its Rule 50(b) motions.  Plaintiff has no need to rely upon Rule 58(a)(1), since such a denial would obviously benefit her case.  It is rather counter-intuitive, then, that plaintiff is arguing for the applicability of a provision intended for parties who lose at trial.  Plaintiff's reliance upon the appellate rules is similarly specious.  Title 28 U.S.C. § 1291 and Federal Rule of Appelate Procedure 4(a)(7)(A)(ii) do not support plaintiff's proposition that this court's Rule 50(b) denial constitutes a final order.  28 U.S.C. § 1291; Fed. R. App. P. 4(a)(7)(A)(ii); (Docket No. 152, at 3.)  Rule 4, governing when a judgment requires a separate document pursuant to Rule 58, defines an entry: "when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when . . . the judgment or order is set forth on a separate document[.]" Fed. R. App. P. 4(a)(7)(A)(ii); (Docket No. 157 ¶ 9.)  Even assuming, *arguendo*, that the separate document rule does not apply, Rule 4 kicks it back to Rule 79(a) to determine what is an appropriate entry into the civil

CIVIL 06-1489 (JAG) (JA)                    4

docket.  Fed. R. App. P. (4)(a)(7)(A)(i).  Plaintiff cannot avail herself of Rule 79 to facilitate that which she seeks.

Plaintiff's argument also runs counter to the purpose of Rule 58 envisioned by the Supreme Court.   In Bankers Trust Co. v. Mallis, the Supreme Court articulated that "[t]he sole purpose of the separate-document requirement ... added to Rule 58 . . . , was to clarify when the time for appeal ... begins to run." Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1978); see ABF Capital Corp. v. Osley, 414 F.3d 1061, 1065 (9th Cir. 2005).  The separate-document requirement must be "mechanically applied" to avoid uncertainties as to the date on which the judgment is entered.  Id. at 386 (citation omitted); see Mullane v. Chambers, 333 F.3d at 336.  Because certain exceptions in Rule 58(a) do not apply here, the general rule of Rule 58 governs.  The ten-day clock for defendant to file any post-judgment motions does not begin to tick on the day this court denied its Rule 50(b) motion on February 3, 2009.

Plaintiff alternatively argues that even if the February 3, 2009 is the incorrect date, which it is, the entry date should be February 9, 2009 and not February 10.  (Docket Nos. 152, at 6-7; 157 ¶ 10.)  Plaintiff suggests that the clerk's entry of the "Minutes of Proceedings" qualifies as entry in the docket under Rule 79(a). (Id.) This argument, while inventive, similarly fails.  Plaintiff cites no case law in support, nor does she suggest any authority in agreement.  Rather,

CIVIL 06-1489 (JAG) (JA)                    5

plaintiff attempts to fit the phrase "a decree *or any order from which an appeal lies*" into the context of Rule 79, despite the fact that a decree was filed the following day.  Other circuits have ruled that the use of "Minutes of Proceedings" in this manner does not comply with Rule 58.  Cook v. Powell Buick, Inc., 155 F.3d 758, 761 n.8 (5th Cir. 1998) (stating that under the circuits current precedent, an oral denial of a motion and subsequent written minutes do not satisfy Rule 58), abrogated on other grounds by Devlin v. Scardelletti, 536 U.S. 1 (2005); see Carter v. Beverly Hills Sav. & Loan Ass'n, 884 F.2d 1186, 1189-90 (9th Cir 1988). Plaintiff additionally argues that even if the "Minutes of Proceedings" do not satisfy Rule 58, which they do not, the February 10, 2009 filing date constitutes clerical error.  (Docket No. 152, at 7.)  Plaintiff does not elaborate on this further, and proffers no explanation as to how the clerk erred in entering the judgment.

Plaintiff appears to be strenuously arguing a procedural glitch in order to preclude defendant of several post-trial motions.  This argument confronts the Supreme Court's unequivocal statement that "[Rule 58] *should be interpreted to prevent loss of the right to appeal, not to facilitate loss*." In re Cendant Corp. Sec. Litig., 454 F.3d 235, 245 (3d Cir. 2006) (quoting Bankers Trust Co. v. Mallis, 435 U.S. at 386) (emphasis added).  As previously stated, the purpose behind Rule 58 is to provide clarification to parties of the time sequence for appeal, so that there

CIVIL 06-1489 (JAG) (JA)                    6


would be no confusion of a party's rights.  Plaintiff's formidable thrusts are readily

and logically parried.   For these reasons, plaintiff's motion to strike is DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, this 7th day of April, 2009.


                        S/ JUSTO ARENAS
            Chief United States Magistrate Judge