IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IRIS M. ROSARIO-MÉNDEZ

Plaintiff

v.                                                    CIVIL 06-1489 (JAG) (JA)

HEWLETT PACKARD CARIBE, et al.,

Defendants

OPINION AND ORDER

This matter comes before me on motion for partial reconsideration filed by plaintiff Iris M. Rosario-Méndez (hereinafter "plaintiff") on August 13, 2009. (Docket No. 179.)  Plaintiff requests the court to reconsider its Opinion and Order of July 30, 2009, in which it vacated the punitive damages award that the jury rendered in its favor.  (Docket No. 178.)  The defendant Hewlett Packard Caribe (hereinafter "HP") has filed a response in opposition to plaintiff's motion for partial reconsideration.  (Docket No. 185.)  On September 21, 2009, plaintiff filed a reply to defendant's response in opposition to plaintiff's motion for partial reconsideration.  (Docket No. 192.)  Having considered the arguments of the parties and for the reasons set forth below, plaintiff's motion for partial reconsideration is DENIED.

CIVIL 06-1489 (JAG) (JA)                    2

I.  BACKGROUND

On May 17, 2006, plaintiff filed a complaint fo sexual harassment against HP pursuant to 42 U.S.C. § 2000e et seq., for "creating and/or refusing to end [a] hostile work environment" (Docket No. 1, at 10, ¶ 38) and "[f]or defendants' retaliatory practices and/or letting [p]laintiff's co-workers retaliate against her for speaking out about the sexual harassment[.]"  (Id. at 11, ¶ 41.)  Plaintiff also brought state claims under supplemental jurisdiction.  (Id. ¶¶ 43 & 44.)

The case eventually went to trial where the jury found that HP subjected plaintiff to a sexually hostile work environment.  The jury awarded plaintiff $1,500,000.00 to adequately compensate her for the emotional pain and mental suffering caused by HP, and further awarded punitive damages in the amount of $500,000.00 because it found that HP acted with malice or reckless indifference towards plaintiff's rights.  (Docket No. 127.)  The compensatory damages award was doubled in accordance with Puerto Rico Law 17, P.R. Laws Ann. tit. 29, § 155j (1).  (Docket No. 135.)

On February 13, 2009, plaintiff moved to amend the judgment and request additur (Docket No. 142) after an amended judgment was issued to correct a clerical mistake.  (Docket No. 135.)  On March 4, 2009, the Clerk was ordered to amend the judgment.  (Docket No. 149.)  A second amended judgment was entered on March 23, 2009 awarding plaintiff one dollar in nominal damages on

CIVIL 06-1489 (JAG) (JA)                    3

her Title VII claim and allocating $1,499,999 to her Puerto Rico Law 17 claim, which was double to $2,999,998.  The punitive damages award remained the same.  (Docket No. 162.)

On February 25, 2009, HP filed a motion seeking judgment as a matter of law, new trial, seeking to alter judgment, remittitur, and the elimination of the award of punitive damages in favor of plaintiff.  (Docket No. 143.)  On March 19, 2009, plaintiff filed a response in opposition (Docket No. 159.), and on April 22, 2009, HP replied.  (Docket No. 176.)  On April 23, 2009, plaintiff filed a sur-reply. (Docket No. 177.)  Then, on July 30, 2009, I issued an opinion and order vacating the award of punitive damages, and denying the other post-trial motions.  (Docket No. 178.)

On August 13, 2009, plaintiff filed a motion for partial reconsideration. (Docket No. 179.)  In essence, plaintiff requests that I reconsider my decision of vacating the award for punitive damages.  On August 25, 2009, HP filed a notice of appeal to the First Circuit Court of Appeals.  (Docket No. 182.)

On August 31, 2009, HP filed a response in opposition to plaintiff's motion for partial reconsideration.  (Docket No. 183).  HP argues:  (1) that its notice of appeal divested the court of jurisdiction to entertain plaintiff's motion for reconsideration; (2) that plaintiff's motion fails to demonstrate that it is entitled to it since it does not present any new arguments, evidence, nor does it raise a

CIVIL 06-1489 (JAG) (JA)                    4

manifest error of law, or an intervening change of law; and (3) that the court correctly vacated the jury's award of punitive damages.  (Id. at 3, 5 & 6, ¶¶ 10, 13 & 17.)

On September 21, 2009, plaintiff filed a reply to defendant's response in opposition to plaintiff's motion for partial reconsideration.  (Docket No. 192.) Plaintiff argues that the court does not lack jurisdiction because HP's notice of appeal was filed prematurely and therefore had no effect.  Plaintiff explains that the reason why HP's notice is without effect is because its motion for reconsideration must be considered as a motion to amend and/or to alter judgment since it was filed within ten days after the court entered its opinion and order denying defendant's motion for judgment as a matter of law and or for new trial.  (Id. at 2-3, ¶¶ 5-7.)

II.  ANALYSIS

A.  Post Judgment Motions

It is well settled that "[a] properly filed notice of appeal generally divests the District Court of jurisdiction to proceed further in the case appealed.  After an appeal is filed, a case remains in the District Court only for procedures in aid of appeal."  Aportria v. Me. Tpk. Auth., 672 F. Supp. 536, 537 (D. Me. 1987) (citing Spound v. Mohasco Indus., Inc., 534 F.2d 404 (1st Cir. 1976)).  However, "Federal Rule of Appellate Procedure 4(a)(4) creates four exceptions to this rule, permitting

CIVIL 06-1489 (JAG) (JA)                    5

District Courts to reserve jurisdiction and rule on motions for judgment notwithstanding the verdict (Rule 50(b)), additional or amended findings of fact (Rule 52(b)), alteration or amendment of judgment (Rule 59(e)), and new trial (Rule 59(a))." Id.

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration, depending on the time it is served, it "may be entertained either as . . . (1) a motion to alter or amend judgment pursuant to Rule 59(e) Fed.R.Civ.P. or (2) a motion for relief from judgment under Rule 60 Fed.R.Civ.P." Lozano v. Corona, 186 F. Supp. 2d 77, 79 (D.P.R. 2002); see also Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d 320, 322 (D.P.R. 2005) (citing Pérez-Pérez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993)).  "Rule 59(e) allows for motions to alter or amend a judgment but it specifically requires that any such petition must be filed within 10 days after the entry of the judgment or order sought to be reviewed." Lozano v. Corona, 186 F. Supp. 2d at 79.  In addition, "Rule 4(a)(4)(A)(iv) Fed. R.App. P. provides that the term to appeal the underlying judgment begins to run from the date the post judgment motion is disposed of." Id.  Thus, a party must be aware of the fact that "[a] notice of appeal filed before the disposition of any of these motions is deemed ineffective." Aportria v. Me. Tpk. Auth., 672 F. Supp. at 537.  As such, "[a] new notice of appeal must be filed after the motion is ruled upon." Id.

CIVIL 06-1489 (JAG) (JA)                 6

       Even though a motion for reconsideration may be considered as a motion to
alter or amend judgment the same "cannot be used as a vehicle to relitigate
and/or rehash matters already litigated and decided by the Court." Villanueva-
Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 322 (citing Std. Química de
Venezuela v. Cent. Hispano Int'l, Inc., 189 F.R.D. 202, [205] n.4 (D.P.R. 1999)).
Thus, a motion seeking the reconsideration of a judgment or order may only be
entertained by the district court if it seeks "to  correct manifest errors of law or
fact, present newly discovered evidence, or when there is an intervening change
in law." Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 322-23 (citing
Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)
(citing F.D.I.C. v. World Univ., Inc., 978 F.2d 10, 16 (1st Cir. 1992)); Cherena v.
Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D.P.R. 1998); see also Nat'l Metal
Finishing Co. v. BarclaysAm./Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990)).

       In other words, a motion for reconsideration cannot be used by the losing
party with the sole purpose of repeating "old arguments previously considered and
rejected, or to raise new legal theories that should have been raised earlier."
Villanueva-Méndez v. Nieves Vázquez, 360 F. Supp. 2d at 323 (quoting Nat'l Metal
Finishing Co. v. BarclaysAm./Commercial, Inc., 899 F.2d at 123).

       As a general rule, a motion for reconsideration is "an extraordinary remedy
which should only be used sparingly." Palmer v. Champion, 465 F.3d 24, 30 (1st

CIVIL 06-1489 (JAG) (JA)                    7

Cir. 2006) (quoting 11 Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 2810.1 (2d ed. 1995)).

A district court may only grant a motion for reconsideration if the moving party demonstrates that there is:  (1) newly discovered evidence that would change the result, (2) the need to correct a manifest error of law or fact, or (3) an intervening change in the law.  <u>Silva Rivera v. State Ins. Fund Corp.</u>, 488 F. Supp. 2d 72, 77 (D.P.R. 2007) (citing <u>Dodge v. Susquehanna Univ.</u>, 796 F. Supp. 829, 830 (M.D. Pa. 1992)); <u>see also</u> <u>Marks 3-Zet-Ernst Marks GmH & Co. KG v. Presstek, Inc.</u>, 455 F.3d 7, 15 (1st Cir. 2006); <u>Rivera Surillo & Co. v. Falconer Glass Indus., Inc.</u>, 37 F.3d at 29.

B.  Punitive Damages

Under federal law, "punitive damages in discrimination cases are authorized 'in only a subset of cases involving intentional discrimination.'" <u>Che v. Mass. Bay Transp. Auth.</u>, 342 F.3d 31, 41 (1st Cir. 2003) (quoting <u>Kolstad v. Am. Dental Ass'n</u>, 527 U.S. 526, 534 (1999)).  However, in <u>Rowlett v. Anheuser-Busch, Inc.</u>, 832 F.2d 194 (1st Cir. 1987), the court held that even in a jurisdiction which authorizes punitive damages in cases requiring proof of intentional wrongdoing, it does not mean that punitive damages are appropriate in every such case. Rather, "in each case the trier of fact has the discretion to determine whether punitive damages are necessary, 'to punish [the defendant] for his outrageous conduct and

CIVIL 06-1489 (JAG) (JA)                    8

to deter him and others like him from similar conduct in the future.'" Id. at 205 (quoting Smith v. Wade, 461 U.S. 30, 54 (1983) (quoting Restatement (Second) of Torts § 908(1) (1977)); see also McKinnon v. Kwong Wah Rest., 83 F.3d 498, 508 (1st Cir. 1996) (quoting Rowlett v. Anheuser-Busch, Inc., 832 F.2d at 205).

Thus, to establish a basis for punitive damages, the plaintiff must, in addition to proving intentional discrimination, "show[ ] that the employer acted with malice or reckless indifference to federally protected rights." McDonough v. City of Quincy, 452 F.3d 8, 23 (1st Cir. 2006) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. at 536). This formulation means that the employer must have "at least discriminate[d] in the face of a perceived risk that its actions [would] violate federal law. . . . " Kolstad v. Am. Dental Ass'n, 527 U.S. at 536; see also McDonough v. City of Quincy, 452 F.3d at 24 ("[M]alice and reckless indifference concern, not the employer's awareness that it is discriminating, but the employer's knowledge that it is acting in violation of federal law."); Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 148 (1st Cir. 2009); cf. Méndez-Matos v. Municipality of Guaynabo, 557 F.3d 36, 48 (1st Cir. 2009). However, the Supreme Court in Kolstad held that "in the punitive damages context, an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's 'good faith efforts to comply with Title VII.'" Kolstad v. Am. Dental Ass'n, 527 U.S. at 545 (quoting Kolstad v.

CIVIL 06-1489 (JAG) (JA)                    9

Am. Dental Ass'n, 139 F.3d 958, 974 (D.C. Cir. 1998) (Tatel, J., dissenting)).

Thus, "[t]he inquiry does not end with a showing of the requisite 'malice or . . .

reckless indifference' on the part of certain individuals, [since] [t]he plaintiff must

impute liability for punitive damages to respondent." Kolstad v. Am. Dental Ass'n,

527 U.S. at 539 (citation omitted).

C.  Application

On July 30, 2009, I issued an opinion and order in which among other things

I vacated the punitive damages award. (Docket No. 178.)  Plaintiff filed a motion

for partial reconsideration. (Docket No. 179.)  On August 25 and 31, 2009, after

filing a notice of appeal, HP opposed plaintiff's motion for partial reconsideration.

(Docket Nos. 182 & 183.)  In its motion, HP argues that its notice of appeal

divested the court of jurisdiction to entertain plaintiff's motion for partial

reconsideration.  Plaintiff ripostes that HP is mistaken and that the court has

jurisdiction because the notice of appeal was filed prematurely and therefore had

no effect.  I agree.

As plaintiff correctly points out, it is well settled that a motion for

reconsideration must be considered as a motion to amend and/or to alter

judgment if it is filed within 10 days after a court has entered a judgment.  In this

case, plaintiff's motion for partial reconsideration was filed within said time frame

after the opinion and order was entered.  Thus, this court has jurisdiction to

CIVIL 06-1489 (JAG) (JA)                    10

entertain plaintiff's motion for partial reconsideration since it must be treated as

a motion to alter and/or amend judgment pursuant to Rule 59 (e).  However, I find

that plaintiff has failed to demonstrate:   (1) that there is newly discovered

evidence that would change the court's decision to vacate the award of punitive

damages, (2) that as a result of it's decision a manifest error of law or fact was

committed, and as such needs to be corrected, and (3) that there is an intervening

change in the law.

Furthermore, after a careful review of plaintiff's motion for partial

reconsideration, it is unmistakably clear that it sets forth the same arguments that

were made in the "Response in Opposition to Defendant's Renewed Motion for

Judgment as a Matter of Law or, in the alternative, Motion for a New Trial and/or

Remittitur'" (Docket No. 159, at 10, 18-20, 22-24), and in "Plaintiffs Surreply to

Defendant's Tendered 'Reply in Support of Defendant's Motion for Judgment as a

Matter of Law, or in the Alternative, Motion for a New Trial and/or for Remittitur.'"

(Docket No. 177, at 4-6.)  Plaintiff simply disagrees with the decision vacating the

punitive damages award and wants the court to rethink its holding.   In other

words, plaintiff pretends to relitigate and/or rehash a matter which was already

litigated and decided by this court.

As I previously stated:

> What Hewlett Packard perceived as a remedy, that is,
> taking away privileges from Miguel Rosario that he was

CIVIL 06-1489 (JAG) (JA)                    11

> not apt to request on the eve of departure, and warning
> him that another transgression would result in immediate
> discharge does not reflect malice or reckless indifference.
> To the contrary, Hewlett Packard clearly had a well-
> defined sexual harassment policy clearly published for all
> to see and its management, albeit short-sighted,
> attempted a remedy of sorts.  In plaintiff's view, as
> stressed over and over again by counsel on closing
> argument, Hewlett Packard did nothing.  Had that been
> true, the punitive damages award would stand.  However,
> the meeting called by the production manager, the
> investigation, the counseling of Miguel Rosario, the shift
> switchings, the abortive attempts to isolate plaintiff from
> further harm do not support the conclusion that Hewlett
> Packard knew it was risking violating federal law. The
> general insensitivity to the circumstances simply does not
> translate into an award of punitive damages.  See Tobin
> v. Liberty Mut. Ins. Co., 553 F.3d at 149.

(Docket No. 178, at 58-59.)

   In sum, plaintiff has failed to establish that HP acted with malice and/or

reckless indifference toward plaintiff's constitutional rights.  Thus, HP may not be

vicariously liable for the discriminatory employment decisions of its managerial

agents since they were contrary to HP's good faith efforts to comply with Title VII.

See Kolstad v. Am. Dental Ass'n, 527 U.S. at 545. To hold other wise would

undermine the objectives underlying Title VII.

                    III.  Conclusion

   In view of the above, I find that plaintiff has presented no new evidence.

Plaintiff has neither established that there is a need to correct a manifest error of

CIVIL 06-1489 (JAG) (JA)                    12

law and/or fact, nor that there is an intervening change in the law.  Accordingly,

plaintiff's motion for partial reconsideration is DENIED.

At San Juan, Puerto Rico, this 6th day of October, 2009.

S/ JUSTO ARENAS
Chief United States Magistrate Judge