IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IRIS ROSARIO-MÉNDEZ,<br><br>Plaintiff<br><br>v.<br><br>HEWLETT PACKARD CARIBE BV, et al.,<br><br>Defendants | CIVIL 06-1489 (JAG) (JA) |

OPINION AND ORDER
ON MOTION FOR SUPERSEDEAS BOND

This matter is before the court on second motion for execution of judgment by the prevailing plaintiff, as well as a motion for a supersedeas bond filed on August 14, 2009. (Docket No. 181.) Hewlett Packard Caribe filed an opposition to the motion for execution of judgment and moved for stay of the execution of judgment pending appeal on August 31, 2009. (Docket No. 185.) Plaintiff then filed a reply to the response in opposition to plaintiff's second motion for execution of judgment, and again requesting a supersedeas bond on September 21, 2009. (Docket No. 195.)

The memoranda and argument of Hewlett Packard Caribe BV, and plaintiff having been considered, plaintiff's first and second motions for execution of judgment are denied. The motion in the alternative, for the posting of a supersedeas bond is granted.

CIVIL NO. 06-1489 (JAG) (JA)				2

On February 3, 2009, a jury found Hewlett Packard liable to plaintiff for submitting her to a sexually hostile work environment, for not acting promptly in reaction to plaintiff's sexual harassment complaint, and for not providing her with an effective remedy to protect her from a hostile work environment.  The jury awarded plaintiff $1,500,000.00 in compensatory damages, as well as punitive damages in the amount of $500,000.00.  (Docket No. 127.)  The compensatory damages award was doubled in accordance with Puerto Rico Law 17, P.R. Laws Ann. tit. 29, § 155j(1).

An amended judgment was issued to correct a clerical mistake.  (Docket No. 135, dated February 11, 2009.)  A second amended judgment was entered on March 23, 2009 awarding plaintiff one dollar in nominal damages on her Title VII claim and the remaining $1,499,999 was allocated to her Puerto Rico Law 17 claim, which award was then doubled to $2,999,998.  This was done because plaintiff's commonwealth and federal claims overlap, and she had the right to choose to be awarded damages based on commonwealth law which offers a more generous outcome than federal law.  The punitive damages award was later vacated.  (Docket No. 178.)  Hewlett Packard Caribe filed a notice of appeal on August 25, 2009.  (Docket No. 182.)  Plaintiff filed a cross appeal on September 23, 2009.  (Docket No. 197.)

CIVIL NO. 06-1489 (JAG) (JA)          3

Plaintiff moved for execution of judgment on March 16, 2009. (Docket No. 155.) Post-trial motions were still pending at the time. See Rosario-Méndez v. Hewlett Packard Caribe BV, 638 F. Supp. 2d 205 (D.P.R. 2009), reconsideration denied in part, 2009 WL 3182630 (D.P.R. Oct. 6, 2009). Plaintiff's motion to reconsider the vacating of the punitive damages award was denied on October 6, 2009. (Docket No. 199.)

In her second motion for execution of amended judgment, or in the alternative for the posting of a supersedeas bond, plaintiff argues that if the request for execution of judgment is denied, then the posting of a supersedeas bond is requested in order that she be able to collect the judgment awarded to her, including costs and $73,968.48 in attorney's fees. See Fed. R. Civ. P. 62(d)[1]; Local Rule 65.2(d)[2]; (Docket No. 181).

Hewlett Packard Caribe BV opposes the second motion for execution of judgment and seeks a stay of execution pending appeal. It also requests that the court waive any supersedeas bond requirement considering Hewlett Packard's

---

[1] If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

[2] A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus interest at a rate consistent with 28 U.S.C. § 1961(a), plus an amount to be set by the court to cover costs and any award of damages for delay. The parties may waive the supersedeas bond by stipulation without order of the court.

CIVIL NO. 06-1489 (JAG) (JA)           4

clear economic solvency and the availability of sufficient funds to later satisfy the second amended judgment if necessary.  Indeed, Hewlett Packard Caribe BV is a branch of  Hewlett Packard Caribe BV, a corporation organized under the laws of The Netherlands.  Hewlett Packard Caribe B.V. is a wholly owned subsidiary of Hewlett-Packard The Hague, B.V., which is a wholly owned subsidiary of Hewlett-Packard Company (HPCO).  (Docket No. 185-2.)  Hewlett Packard Caribe BV has submitted reliable information regarding its net worth during the last four years.  At very least, it appears that it would be able to satisfy any judgment in plaintiff's favor after the appellate process is concluded.  In the alternative, Hewlett Packard requests that it be allowed to post a supersedeas bond to cover the amount awarded in the second amended judgment, as further amended, plus the amount of costs plaintiff seeks.

Plaintiff retorts that there is no assurance that Hewlett Packard will continue to operate in Puerto Rico when the appellate process is over, regardless of the financial statements submitted by the defense to show big picture solvency. Plaintiff stresses that the defendant is actively engaging in a reduction of its operations in Puerto Rico and is laying off employees in its Aguadilla plant. Plaintiff concludes by seeking a writ of execution against Hewlett Packard Caribe, BV, in the amount of $2,999,999, plus post judgment interest, plus $7,229.91 for costs, plus $73,968.48 in attorney's fees.  In the alternative, plaintiff asks for the

CIVIL NO. 06-1489 (JAG) (JA)        5

court to order the defendant to post a supersedeas bond in the amount of $2,999,999, plus post judgment interest, plus $7,229.91 for costs, plus $73,968.48 for attorney's fees. (Docket No. 195.)

When a losing party appeals, it may automatically avail itself of Federal Rules of Civil Procedure 62(d) and stay execution of a monetary judgment, provided it post a bond sufficient to protect the interests of the non-appealing party. Pérez Rodríguez v. Rey Hernández, 304 F. Supp. 2d 228, 229 (D.P.R. 2004) (citing Rivera Pérez v. Mass. Gen. Hosp., 193 F.R.D. 43, 44 (D.P.R. 2000)). However, "[c]ourts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy." Acevedo-García v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002) (citing Olympia Equip. Leasing Co. V. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986)); Berberena-García v. Avilés, 258 F.R.D. 42, 43 (D.P.R. 2009). I have considered the terse arguments of both parties, that is solvency on the one hand, and uncertainty on the other, well aware that the decision is clearly within the boundaries of my sound discretion.

I believe the posting of a supersedeas bond is appropriate and that the amount of $2,999,999 plus $7,230 is sufficiently adequate at this stage of the proceedings to assuage the fears of plaintiff and to comply with the purpose of

CIVIL NO. 06-1489 (JAG) (JA)            6

Federal Rule of Civil Procedure 62(d) and Local Rule 65.2(d).  See generally 11 The Late Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane Federal Practice and Procedure Civ. § 2905 (3d ed. 1995).  At present, I exclude the items of post-judgment interest and attorney's fees.  See, e.g., Berberena-García v. Avilés, 258 F.R.D. at 43.  The first and second motions for execution of judgment are denied.  (Docket Nos.  155, 181.)  The alternative request for the posting of a supersedeas bond is granted.  Hewlett Packard Caribe BV is granted ten working days, that is, until December 4, 2009[3] under the current Rule 6[4], to post a supersedeas bond in the amount of $3,007,229.

SO ORDERED.

At San Juan, Puerto Rico, this 16th day of November, 2009.

S/ JUSTO ARENAS
Chief United States Magistrate Judge

---

[3] The following days are excluded as legal holidays:  Puerto Rico Discovery Day (November 19), Thanksgiving Day (November 26), and the Friday after (November 27).  Fed. R. Civ. P. 6(a)(4); Local Rule 6(b).

[4] See 2009 Amendments Federal Rule of Civil Procedure 6(a), effective December 1, 2009, absent contrary Congressional action.